UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALVIN REED,

                Plaintiff,

    -against-

THE CITY OF NEW YORK; NEW YORK POLICE DEPARTMENT; "D.O.C.S.",

                Defendants.

1:20-CV-8352 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

    Plaintiff, currently held in the North Infirmary Command on Rikers Island, brings this *pro se* action asserting that the defendants violated his federal constitutional rights when they illegally arrested him and exposed him to COVID-19 on Rikers Island. (ECF 2, at 2.) He sues the City of New York, the New York City Police Department ("NYPD"), and the New York State Department of Corrections and Community Supervision ("DOCCS"). But he does not specify the relief he seeks. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983.

    By order dated December 7, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court dismisses Plaintiff's claims against DOCCS and the NYPD, and grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-

pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges that he is both a pretrial detainee who is involved in ongoing criminal proceedings and a convicted prisoner who is accused of violating the terms of his parole. He asserts that the defendants have violated his federal constitutional rights by illegally arresting him and by exposing him to COVID-19 in confining him on Rikers Island. But his allegations are not limited to those of illegal arrests and exposure to COVID-19; he also asserts that: (1) there have been irregularities in his ongoing criminal proceedings, (2) he has not been allowed access to his facility's law library, and (3) he has been improperly searched, including strip searched, while held on Rikers Island.

Plaintiff makes the following allegations: On September 9, 2019, he was arrested at a homeless shelter "by warrant squad police officers"; he was held for two days, then released. (ECF 2, at 4.) At some point between October and December 2019, the criminal charges brought against him as a result of that arrest were dismissed. Plaintiff informed his parole officer about his arrest. The parole officer instructed him to turn himself in. Plaintiff did so. He was convicted of a parole violation and served a five-month parole-violation sentence on Rikers Island.

On July 17, 2020, two police officers arrested Plaintiff without a warrant at Plaintiff's job in the Bronx and escorted him to the NYPD's 48th Precinct, also in the Bronx. While they were fingerprinting him, they acknowledged that no outstanding warrants had been issued for his arrest. They then transported him to a Bronx office of the New York State Department of Corrections and Community Supervision, where he "saw a judge." (*Id.*) Four days later, he was released on his own recognizance.

On August 3, 2020, "three . . . warrant police officers jumped out of a tinted gray mini-van and surrounded [Plaintiff] as if they were going to attack [him]." (*Id.*) They chased him for one block, and then arrested him without telling him the offenses that they were charging him with. They then escorted him back to the 48th Precinct, where they charged him with the same offenses that had been dismissed in 2019, or similar offenses.

Plaintiff's ongoing criminal proceedings were initiated when he was indicted one day later, on August 4, 2020, in Red Hook, Brooklyn. But the complainant did not testify to the grand jury, and Plaintiff was indicted without legal representation. On three occasions between his August 4, 2020 indictment and September 17, 2020, correction officials failed to produce him at court. And he has "not received any court papers indicating [his] charges, nor ha[s] [he] appeared in front of a judge to express [his] innocence." (*Id.* at 5.)

Plaintiff is now held in the North Infirmary Command ("NIC") on Rikers Island "inside a dorm which consists of 20-25 inmates who ha[ve] flu-like symptoms" and some of them "do not wear masks." (*Id.* at 4.) He is "experiencing back to back searches" at the NIC. (*Id.* at 5.) And though he is a pretrial detainee, he has been strip searched. Plaintiff has also attached copies of grievances he has filed in which he has complained about not being produced for his court dates and not being granted access to the NIC law library.

## DISCUSSION

**A.     The New York State Department of Corrections and Community Supervision**

Plaintiff's claims under 42 U.S.C. § 1983 against DOCCS are barred by the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in

original). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (internal quotation marks and citation omitted). This immunity shields States and their agencies from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And DOCCS, which is a state agency, is an arm of the State of New York. *See, e.g.*, *Medina v. New York State Division of Parole*, No. 1:20-CV-3763, 2020 WL 3962011, at *2 (S.D.N.Y. July 12, 2020). In addition, the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Accordingly, the Court dismisses Plaintiff's claims against DOCCS under the doctrine of Eleventh Amendment immunity.

**B.     The New York City Police Department and the City of New York**

The Court must dismiss Plaintiff's claims against the NYPD because, as an agency of the City of New York, it is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the NYPD.

Plaintiff also sues the City of New York. When a plaintiff sues a municipality, such as the City of New York, under § 1983, it is not enough for the plaintiff to allege that one of the

municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under § 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997).

Plaintiff has alleged no facts suggesting that a policy, custom, or practice of the City of New York caused a violation his federal constitutional rights. In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint in which he alleges facts sufficient to state a claim under § 1983 against the City of New York.

C.   **Personal involvement of individuals**

To state a claim under § 1983, a plaintiff must allege facts showing an individual's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). An individual can be personally involved in a § 1983 violation if:

6

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[2]

Plaintiff fails to name any individuals as defendants, and he fails refer to any of the individuals who allegedly violated his constitutional rights by name. The Court therefore grants Plaintiff leave to file an amended complaint in which names individuals as defendants and alleges facts showing those individual defendants' personal involvement in the violations of his constitutional rights.

**D.     Rule 20(a)(2) of the Federal Rules of Civil Procedure**

Under Rule 20(a)(2) of the Federal Rules of Civil Procedure:

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the *same transaction, occurrence, or series of transactions or occurrences*; and (B) any question of law or fact *common to all defendants* will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added). A plaintiff may not pursue unrelated claims against multiple defendants. *See, e.g., Peterson v. Regina*, 935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013) ("Case law makes clear that '[i]n the absence of a connection between Defendants' alleged misconduct, the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by

---

[2] "Although the Supreme Court's decision in [*Iqbal*, 556 U.S. 662] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).'") (quoting *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009)).

Plaintiff asserts unrelated claims against multiple defendants, which is not permitted under Rule 20(a)(2). If Plaintiff chooses to amend his complaint, the claims must be related. The Court grants Plaintiff leave to file an amended complaint in which he only names defendants against whom he asserts related claims. In other words, Plaintiff must: (1) decide for which of his unrelated constitutional injuries – illegal arrests, conditions of confinement at the NIC (including exposure to COVID-19, illegal searches, and denial of access to the NIC law library), or the irregularities in his ongoing criminal proceedings – he wishes to pursue remedies, and then (2) amend his complaint to name the appropriate defendants for those claims. Plaintiff may seek relief for unrelated constitutional injuries by fling separate civil actions.[3]

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. Plaintiff must name as the defendant(s) in the caption[4] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and

---

[3] If Plaintiff seeks his release from confinement, he must bring a petition for a writ of *habeas corpus* after exhausting available state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

[4] The caption is located on the front page of the complaint. Each defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

the body of the amended complaint.[5] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case, including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: *who* violated his federally protected rights; *what* facts show that his federally protected rights were violated;

---

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty on August 31, 2019, at the Sullivan Correctional Facility clinic, during the 7 a.m. to 3 p.m. shift."

*when* such violation occurred; *where* such violation occurred; and *why* Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint. Plaintiff must not reassert any claims in his amended complaint that the Court has dismissed in this order.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses Plaintiff's claims against the New York City Police Department and the New York State Department of Corrections and Community Supervision (referred to by Plaintiff as "D.O.C.S.")

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:20-CV-8352 (LLS).

An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time.

If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated:   December 15, 2020
        New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.