UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALVIN REED,

Plaintiff,

-against-

CITY OF NEW YORK; NYC POLICE DEP'T;
POLICE OFFICERS JOHN DOE #1-#6; POLICE
OFFICER DENNIS; DETECTIVE JANE AND
JOHN DOE, #1-#2; NEW YORK CITY
DEPARTMENT OF CORRECTION; CYNTHIA
BRANN, Commissioner; ANTHONY ANNUCCI,
Acting Commissioner; NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION (formerly, New York
State Division of Parole); P.O., ANDRE LOGAN;
SPO MEDINA; AREA SUPV., NYDIA GARCIA;
SPO SHANAVIA DANDRIDE; NYS PAROLE
OFFICERS JANE AND JOHN DOE #1-#5; NEW
YORK CITY DEPARTMENT OF CORRECTION
(Riker's Island Correction Officers); JOHN AND
JANE DOE #1-#5 (Special Search Team); JOHN
DOE #1-#3; CENTRAL BOOKING NURSE JANE
DOE,

Defendants.

1:20-CV-8352 (JPC)

ORDER OF SERVICE

JOHN P. CRONAN, United States District Judge:

Plaintiff, currently held in the Vernon C. Bain Center in the Bronx, New York, brings this

*pro se* action alleging that the defendants violated his federal constitutional rights as well as state

law.[1] He seeks damages, his immediate release, and the lifting of a parole-violation warrant

lodged against him. Plaintiff sues: (1) the City of New York; (2) the New York City Police

Department ("NYPD"); (3) the New York City Department of Correction ("NYCDOC"); (4) the

---

[1] Plaintiff filed his original complaint while he was held in the North Infirmary Command
("NIC") on Rikers Island.

New York State Department of Corrections and Community Supervision ("DOCCS"); (5) NYPD officers; (6) NYCDOC officers; (7) an NYCDOC nurse; (8) the NYCDOC Commissioner, Cynthia Brann; (9) the DOCCS Acting Commissioner, Anthony Annucci; and (10) DOCCS parole officers, senior parole officers, and another DOCCS parole supervisor. The Court construes Plaintiff's amended complaint as asserting claims under 42 U.S.C. § 1983, claims for *habeas corpus* relief, and claims under state law.

By order dated December 7, 2020, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2]

The Court directs service on the City of New York and Police Officer Dennis. The Court also directs the Corporation Counsel of the City of New York to provide Plaintiff and the Court with the identities and badge numbers of those unidentified defendants who are members of the NYPD.

The Court severs Plaintiff's claims against the City of New York and NYCDOC employees that arise out of Plaintiff's allegedly being locked in a NYCDOC van and directs the Clerk of Court to open those claims in a new unassigned civil action.

The Court also severs Plaintiff's claims that arise from his allegedly being beaten by DOCCS parole officers and directs the Clerk of Court to open those claims in another new unassigned civil action.

For the reasons discussed below, the Court dismisses Plaintiff's claims against DOCCS, the NYPD, and the NYCDOC. The Court also dismisses Plaintiff's remaining claims – those not including Plaintiff's claims against the City of New York, "Police Officers John Doe #1-#6,"

---

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Police Officer Dennis, and "Detective Jane and John Doe #1-#2," that arise from Plaintiff's arrests and detainments by members of the NYPD – without prejudice as improperly joined.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

In an order dated December 15, 2020, Judge Stanton dismissed Plaintiff's claims under 42 U.S.C. § 1983 against DOCCS as well as his claims against the NYPD. (ECF 6, at 4-5.) In that same order, Judge Stanton granted Plaintiff leave to file an amended complaint: (1) alleging facts sufficient to state a claim under § 1983 against the City of New York, (2) naming individuals as defendants and alleging facts showing those individuals' personal involvement in the violations of his constitutional rights, and (3) naming as defendants only those against whom he asserts properly joined claims. (*Id.* at 5-8.) Judge Stanton also noted that if Plaintiff was seeking his release from confinement, he would have to file a petition for a writ of *habeas*

*corpus*. (*Id.* at 8 n.3.) After Judge Stanton granted Plaintiff two extensions of time, Plaintiff filed

his amended complaint, which is the operative pleading for this action. (ECF 12.) The relevant

allegations are discussed below.

## DISCUSSION

### A.    DOCCS, the NYPD, and the NYCDOC

In his December 15, 2020 order, Judge Stanton dismissed Plaintiff's claims under 42

U.S.C. § 1983 against DOCCS, a New York State agency, under the doctrine of Eleventh

Amendment immunity. (ECF 6, at 4-5.) Judge Stanton also dismissed Plaintiff's claims against

the NYPD because, as an agency of the City of New York, it is not a suable entity. (*Id.* at 5.)

In his amended complaint, Plaintiff again names DOCCS and the NYPD as defendants,

and names the NYCDOC, another agency of the City of New York, as a defendant. For the

reasons discussed in Judge Stanton's December 15, 2020 order, the Court dismisses Plaintiff's

claims under § 1983 against DOCCS and dismisses his claims against the NYPD and the

NYCDOC.

### B.    Service on the City of New York and Police Officer Dennis

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of

Civil Procedure generally requires that the summons and complaint be served within 90 days of

the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses

and the amended complaint on the City of New York and Police Officer Dennis until the Court

reviewed the amended complaint and ordered that summonses be issued for those defendants.

4

The Court therefore extends the time to serve the City of New York and Police Officer Dennis with the amended complaint until 90 days after the date the summonses are issued for those defendants. If the amended complaint is not served on the City of New York and Police Officer Dennis within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the amended complaint on the City of New York and Police Officer Dennis through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 form") for those defendants. The Clerk of Court is further instructed to issue summonses for the City of New York and Police Officer Dennis and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the summonses and the amended complaint on those defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## C.    Unidentified defendants who are NYPD members

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the amended complaint, Plaintiff supplies sufficient information to permit the NYPD to identify those unidentified defendants who are NYPD members. They are those NYPD members who participated in Plaintiff's arrests and detainments on September 9, 2019; July 17, 2020; and August 3, 2020; they were likely assigned

to the NYPD's 48th Precinct on those dates. It is therefore ordered that the Corporation Counsel

of the City of New York, who is the attorney for and agent of the NYPD, must ascertain the

identity and badge number of each of those unidentified NYPD members whom Plaintiff seeks to

sue here and the addresses where those defendants may be served. The Corporation Counsel

must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file a second amended

complaint in which he names as defendants those newly identified NYPD members. The second

amended complaint will replace, not supplement, the original and amended complaints. A second

amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff

has filed a second amended complaint, the Court will screen it and, if necessary, issue an order

directing service on the newly identified defendants.

**D.      Rule 20(a)(2) of the Federal Rules of Civil Procedure**

Under Rule 20(a)(2) of the Federal Rules of Civil Procedure:

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief
> is asserted against them jointly, severally, or in the alternative with respect to or
> arising out of the same transaction, occurrence, or series of transactions or
> occurrences; and (B) any question of law or fact common to all defendants will
> arise in the action.

Fed. R. Civ. P. 20(a)(2). A plaintiff may not pursue unrelated claims against multiple defendants.

*See, e.g., Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009). "[T]he mere

allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated

parties as defendants in the same lawsuit pursuant to Rule 20(a)." *Id.* (internal quotation marks

and citation omitted, second alteration in original); *Webb v. Maldanado*, No. 3:13-CV-0144, 2013

WL 3243135, at *3 (D. Conn. June 26, 2013) ("Unrelated claims against different defendants

belong in different suits[] . . . to prevent the sort of morass" created by a complaint with more

than 20 defendants and multiple unrelated claims.) (internal quotation marks and citation omitted).

In the December 15, 2020 order, Judge Stanton held that Plaintiff's original complaint asserted unrelated claims against multiple defendants. (ECF 6, at 8.) In granting Plaintiff leave to file an amended complaint, Judge Stanton directed Plaintiff to assert only related claims, and to name as defendants only those against whom he asserts related claims. (*Id.*) Judge Stanton informed Plaintiff that he "may seek relief for unrelated constitutional injuries by filing separate civil actions"; he noted that if Plaintiff was seeking release from confinement, he would have to make that request by filing a separate petition for a writ of *habeas corpus*, after exhausting available state remedies. (*Id.* at 6 n.3.)

Plaintiff has failed to comply with those instructions. The allegations in Plaintiff's amended complaint, in which he names multiple defendants, concern the following unrelated groups of events: (1) Plaintiff's arrests on September 9, 2019; July 17, 2020; and August 3, 2020; (2) an NYCDOC nurse's rejection of Plaintiff from the NYCDOC's central booking facility on August 3, 2020, because of a suspicion that Plaintiff was infected with COVID-19; (3) irregularities during Plaintiff's criminal proceedings; (4) NYCDOC officers' strip search of Plaintiff, their dogs' sniffing of him, and the officers' and dogs' trampling on his legal papers; (5) Plaintiff's being forced to sleep less than two feet away from other NYCDOC prisoners; (6) Plaintiff's being locked in an NYCDOC van in warm weather, with closed windows and without air conditioning, in or about August 2020, while correction officers were outside the van talking and laughing as Plaintiff was having difficulty breathing and was yelling for help; (7) DOCCS's administrative imposition of a period of postrelease supervision on Plaintiff that had not been included in the sentence originally imposed on him by the state court; and (8) six

parole officers' beating of Plaintiff with batons on September 13, 2019, when Plaintiff reported to a DOCCS parole office.

Rule 21 of the Federal Rules of Civil Procedure provides that "on its own, the court may at any time, on just terms, add or drop a party. The Court may also sever any claim against a party." *Id.* In determining whether to sever a claim, the Court considers "the two requirements of Rule 20 and additional factors, including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citing cases).

In addition to Plaintiff's claims arising from his arrests and detainments by NYPD members, Plaintiff may have alleged facts sufficient to state claims with regard to the following two other groups of claims: (1) claims against NYCDOC employees and the City of New York arising out of Plaintiff's being locked in a NYCDOC van; and (2) claims arising from Plaintiff's being beaten by DOCCS parole officers. These two other groups of claims are clearly unrelated to each other and unrelated to Plaintiff's claims arising from his arrests and detainments. These claims would therefore involve different witnesses and evidence than the claims remaining in this action. Moreover, severance of these two groups of claims serves judicial economy and does not prejudice the defendants. In light of Plaintiff's *pro se* status, the Court directs the Clerk of Court to sever these two other groups of claims from this action and to open each group of these claims in a new unassigned civil action.

With respect to Plaintiff's remaining groups of unrelated claims – Plaintiff's claims arising from: (1) an NYCDOC nurse's rejection of Plaintiff from the NYCDOC's central booking facility on August 3, 2020, because of a suspicion that Plaintiff was infected with

COVID-19; (2) irregularities during Plaintiff's criminal proceedings; (3) NYCDOC officers'

strip search of Plaintiff, their dogs' sniffing of him, and the NYCDOC officers' and dogs'

trampling on his legal papers; (4) Plaintiff's being forced to sleep less than two feet away from

other NYCDOC prisoners; and (5) DOCCS's administrative imposition of a period of postrelease

supervision on Plaintiff – the Court dismisses these claims without prejudice as improperly

joined.[3]

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with

an information package.

The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 against DOCCS, and his

claims against the NYCDOC and the NYPD.

The Court also directs the Clerk of Court to: (1) issue summonses for the City of New

York and Police Officer Dennis; (2) complete USM-285 forms with the service addresses for

those defendants; and (3) deliver all documents necessary to effect service of summonses and the

amended complaint on those defendants to the U.S. Marshals Service.

---

[3] The dismissal of these claims without prejudice includes any claims in which Plaintiff seeks *habeas corpus* relief from his confinement, under either 28 U.S.C. § 2241 or § 2254. Under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a *habeas corpus* petitioner must obtain authorization from the appropriate court of appeals before filing a second or successive *habeas corpus* petition. *See* 28 U.S.C. § 2244(b)(3)(A). A petition is "second or successive" if a previous *habeas corpus* petition was decided on the merits. *See Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002). Because conversion of a submission into a *habeas corpus* petition may restrict a litigant's future attempts to seek *habeas corpus* relief, a district court must normally give a *pro se* litigant notice and an opportunity to withdraw his submission before the court recharacterizes it as a § 2241 petition or a § 2254 petition. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004); *Cook v. N. Y. State Div. of Parole*, 321 F.3d 274, 282 (2d Cir. 2003). But there is no need to give Plaintiff notice and an opportunity to withdraw here because the Court's dismissal of *habeas corpus* relief without prejudice does not trigger the AEDPA's restrictions on second or successive petitions. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000).

The Court further directs the Clerk of Court to mail a copy of this order and a copy of the amended complaint to the Corporation Counsel of the City of New York at 100 Church Street, New York, New York 10007. The Corporation Counsel must provide to Plaintiff and the Court, within 60 days of the date of this order, the identities and badge numbers of the unidentified defendants who are members of the NYPD.

A second amended complaint form is attached to this order.

The Court additionally directs the Clerk of Court to sever Plaintiff's claims against NYCDOC employees and the City of New York arising out of his allegedly being locked in a NYCDOC van (claims against the City of New York and "John and Jane Doe #1-#5") and to open those claims in a new unassigned civil action.

The Court also directs the Clerk of Court to sever Plaintiff's claims arising from his allegedly being beaten by DOCCS parole officers (claims against "PO Andre Logan," "SPO Medina," "Area Supv. Nydia Garcia," "SPO Shanavia Dandride," and "NYS Parole Officers Jane and John Doe #1-#5") and to open those claims in another new unassigned civil action.

The Court further directs the Clerk of Court to enter a copy of this order and a copy of the amended complaint (ECF 12) on the docket of each new unassigned civil action opened as a result of this order.

The Court dismisses Plaintiff's claims against the remaining defendants (those not including Plaintiff's claims against the City of New York, "Police Officers John Doe #1-#6," Police Officer Dennis, and "Detective Jane and John Doe #1-#2") without prejudice as improperly joined.  In sum, the only remaining claims are those stemming from Plaintiff's arrests on September 9, 2019; July 17, 2020; and August 3, 2020.  Thus, the only remaining defendants

in this action are as follows: the City of New York, "Police Officers John Doe #1-#6," Police

Officer Dennis, and "Detective Jane and John Doe #1-#2."

Because Plaintiff makes no substantial showing of a denial of a constitutional right, a

certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   August 19, 2021
         New York, New York

_____
JOHN P. CRONAN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.      City of New York
        Law Department
        100 Church Street
        New York, New York 10007

2.      Police Officer Dennis
        48th Precinct
        450 Cross Bronx Expressway
        Bronx, New York 10457-7401

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
               (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                          State                  Zip Code

_____

Telephone Number                    Email Address (if available)

**B.   Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                Zip Code

Defendant 2: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                Zip Code

Defendant 3: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

387e1419fb9c033d

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

Name (Last, First, MI)

| Address | City | State | Zip Code |
|---|---|---|---|

Telephone Number                            E-mail Address

Date                                        Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007