USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/8/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALVIN REED,

        Plaintiff,

  -against-

THE CITY OF NEW YORK, et al.,

        Defendants.

20-CV-8352 (JPC) (BCM)

**ORDER REGARDING GENERAL PRETRIAL MANAGEMENT**

**BARBARA MOSES, United States Magistrate Judge.**

The above-referenced action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, pursuant to 28 U.S.C. § 636(b)(1)(A). All pretrial motions and applications, including those related to scheduling and discovery (but excluding motions to dismiss or for judgment on the pleadings, for injunctive relief, for summary judgment, or for class certification under Fed. R. Civ. P. 23) must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, which are attached to this order and are available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

The Court notes, as a preliminary matter, that in accordance with the Order of Service issued by the Hon. John P. Cronan, United States District Judge, on August 20, 2021 (Dkt. No. 15), all of the claims and causes of action in plaintiff's Amended Complaint (Dkt. No. 12) have been severed or dismissed EXCEPT FOR plaintiff's claims against the City of New York (City), Police Officers John Doe #1-#6, Police Officer Dennis, and Detectives Jane and John Doe #1-#2, arising out of his arrests and detainments by the New York Police Department (NYPD) on September 9, 2019, July 17, 2020, and August 3, 2020. *See* Order of Service at 5-6, 10.

With regard to the surviving claims, summonses have been issued as to the City and Officer Dennis (Dkt. Nos. 15) and delivered to the U.S. Marshals for service on those defendants. Additionally, the Corporation Counsel of the City of New York has been ordered to

ascertain the identity, badge number, and address for service of each of the "Doe" NYPD officers who participated in the specified arrests and detainments. Order of Service at 5-6. **Once plaintiff receives this information, he must, within 30 days, file a second amended complaint in which he names as defendants those newly identified NYPD members. The second amended complaint will replace, not supplement, the original and amended complaints.** *Id*. at 5. This means that the second amended complaint must:

(a) identify, as defendants, *only* the City, Officer Dennis, and the other NYPD officers (now listed as "Doe" defendants) who participated in plaintiff's arrests and detainments on September 9, 2019, July 17, 2020, and August 3, 2020; and

(b) provide a "short and plain statement," Fed. R. Civ. P. 8, of the relevant facts supporting *each* claim against *each* defendant named in the second amended complaint.

To the greatest extent possible, plaintiff should (i) give the names and titles of all relevant persons; (ii) describe all relevant events, stating the facts that support plaintiff's case, including what each defendant did or failed to do; (iii) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event; (iv) give the location where each relevant event occurred; (v) describe how each defendant's acts or omissions violated plaintiff's rights and describe the injuries plaintiff suffered; and (vi) state what relief plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief. Essentially, the body of plaintiff's second amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why plaintiff is entitled to relief. Because plaintiff's second amended complaint will completely replace, not supplement, the current (amended) complaint, any facts or claims that plaintiff wishes to maintain must be included in the amended complaint.

**Plaintiff must not reassert any claims in his amended complaint that the Court has dismissed in this order**. This means that he may not list the NYPD, the NYDOC (or its employees), or DOCCS (or its employees) as defendants, nor may he include claims arising out of any incidents other than his arrests and detentions on September 9, 2019, July 17, 2020, and August 3, 2020.

Once Plaintiff has filed his second amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendants.

Going forward the parties and counsel are cautioned:

1. All discovery must be initiated in time to be concluded by the close of discovery set by the Court.

2. Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless a party shows good cause why more formal briefing should be required. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

3. For motions other than discovery motions, pre-motion conferences are not required, but may be requested where counsel believe that an informal conference with the Court may obviate the need for a motion or narrow the issues.

4. Requests to adjourn a court conference or other court proceeding (including a telephonic court conference) or to extend a deadline must be made in writing and in compliance with § 2(a) of Judge Moses's Individual Practices. Telephone requests for adjournments or extensions will not be entertained.

5.  In accordance with § 1(d) of Judge Moses's Individual Practices, letters and letter-motions are limited to four pages, exclusive of attachments. Courtesy copies of letters and letter-motions filed via ECF are required only if the filing contains attachments, which must be attached with protruding tabs.

6.  If you are aware of any party or attorney who should receive notice in this action, other than those currently listed on the docket sheet, please notify Courtroom Deputy Kevin Snell at (212) 805-0228 immediately.

7.  Plaintiff is hereby notified that, until further notice, pro se parties may file pleadings, letters, and other documents with the Court by using any of the following methods:

    a.  **Drop off** the document in the drop box located in the lobby of the U.S. Courthouse at 500 Pearl Street, New York, NY, 10007.

    b.  **Mail** the documents to the Pro Se Intake Unit in Room 105 in the Thurgood Marshall Courthouse, 40 Foley Square, New York, NY 10007.

    c.  **Email** the documents to Temporary_Pro_Se_Filing@nysd.uscourts.gov. Instructions for filing documents by email may be found on the Court's website at nysd.uscourts.gov/forms/instructions-filing-documents-email.

The Pro Se Intake Unit (telephone 212-805-0175) may be of assistance to pro se litigants in connection with court procedures.

The Clerk of Court is respectfully directed to mail a copy of this Order to the plaintiff.

Dated: New York, New York   SO ORDERED.
       September 8, 2021

_____
**BARBARA MOSES**
**United States Magistrate Judge**