


**G**EORGIA **M. P**ESTANA
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**

L**AW** D**EPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**JOHN SCHEMITSCH**
*Senior Counsel*
Tel.: (646) 740-1295
Fax: (212) 356-3509
jschemit@law.nyc.gov

October 15, 2021

**VIA ECF**
Honorable John P. Cronan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St.
New York, New York 10007

**MEMO ENDORSED**

      Re: <u>Reed v. City of New York, et al.</u>, 20-CV-08352 (JPC) (BCM)

Your Honor:

      I am a Senior Counsel in the office of Georgia M. Pestana, Corporation Counsel of the City of New York, representing defendant City of New York in the above referenced matter.[1] I write respectfully to request a stay of this case pending the conclusion of plaintiff's open criminal cases which are the subject of his complaint. (See ECF No. 15). This request is made without consent of plaintiff, who indicated on an October 15, 2021 telephone call that he would separately write to the Court.

      Plaintiff, *pro se*, alleges, *inter alia*, claims of false arrest, false imprisonment, and unreasonable search and seizure arising from three separate arrests. (See ECF No. 12). The Court charged this office with uncovering the identifies of multiple John and Jane Doe officers, described in plaintiff's amended complaint, in accordance with the three arrest dates provided by plaintiff. (See ECF No. 15). Subsequently, this office has determined that plaintiff's indicated arrest dates are in fact: September 10, 2019; July 15, 2020; and August 3, 2020. These three arrest dates correspond with nine different incidents where the *same* victim filed separate complaints against plaintiff alleging domestic violence-related crimes, each time.

---

[1] This case has been assigned to Assistant Corporation Counsel Victoria Carballo, who is presently awaiting admission to the Bar and is handling this matter under supervision. Ms. Carballo may be reached directly at (332)-323-0803, or by email at vcarball@law.nyc.gov.

Following an initial investigation into the underlying facts of the complaint and as confirmed by plaintiff during the October 15, 2021 phone call, plaintiff has open criminal cases stemming from his July 15, 2020 and August 3, 2020 arrests. This information was confirmed via direct access to the New York City Office of Court Administration's electronic record of the criminal case. (See Exhibit A.) Court records indicate that an indictment was returned on September 2, 2020, and that the case is still ongoing. (Id.) There is currently a court appearance scheduled for November 15, 2021. (See Exhibit A). Because plaintiff's criminal case is ongoing, the City respectfully requests a stay of this action, pending the completion of the criminal proceedings.

"It is well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." Estes-El v. Long Island Jewish Medical Center, 916 F. Supp. 268, 269 (S.D.N.Y. 1995); see Mack v. Varelas, 835 F.2d 995, 999-1000 (2d Cir. 1987) ("postponement of [federal] adjudication is prudentially warranted because one possible outcome of the state court proceedings could negate an essential element of [plaintiff's] claim"). In determining whether a stay of a civil proceeding is appropriate, courts consider several factors, including: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. Harris v. Nassau Cnty., No. 13-CV-4728 (NGG) (RML), 2014 U.S. Dist. LEXIS 94554, at *8 (E.D.N.Y. July 8, 2018). As noted below, the balance of factors clearly demonstrates good cause to stay this action pending the outcome of the criminal proceeding.

As to the first factor, "[a] stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter." Crawford & Sons v. Besser, 298 F. Supp. 2d 317, 319 (E.D.N.Y. 2004). Here, there is substantial overlap of the issues in the civil and criminal cases. Plaintiff's civil and criminal actions both stem from the same underlying events: namely his arrests and prosecution for these crimes. Moreover, the determination of plaintiff's false arrest claim depends upon the outcome of the criminal proceedings. Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006) ("under New York law, the existence of probable cause is an absolute defense to a false arrest claim"); Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause."). Plaintiff's allegation that defendants lacked probable cause might be adjudicated in the underlying criminal proceeding, and subsequently subject to issue preclusion. Thus, the first fact weighs heavily in favor of granting a stay of these proceedings.

As to the second factor, "[c]ourts consistently hold that a stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." Harris, 2014 U.S. Dist. LEXIS at *10 (citing Trs. Of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mechanical, 886 F. Supp. 1134, 1139 (S.D.N.Y. May 25, 1995) (internal quotation marks omitted). At this time, plaintiff has already been indicted in a criminal proceeding before the Bronx County Criminal Court, which is ongoing. Accordingly, the second factor weighs in favor of granting a stay.

As to the remaining factors, granting a stay in these proceedings should benefit both parties, further the public interest, and further the court's interest in judicial efficiency. A stay will likely narrow the issues before the court, and prevent both parties from performing unnecessarily duplicative work. Crawford & Sons, 298 F. Supp. 2d at 319 (finding that a stay would "avoid duplication" as a "conviction or acquittal in the criminal action may negate or buttress some or all of the plaintiffs' claims" and provide the parties with the benefit of "the transcript and rulings in the criminal action"); Trs. Of Plumbers, 886 F. Supp. at 1140 (finding that a stay "may reduce the scope of discovery in the civil case and the evidence gathered during the criminal action can later be used in the civil action"); Parker v. Dawson, No. 06-CV-6191 (JFB) (WDW), No. 06-CV-6627 (JFB) (WDW), No. 07-CV-1268 (JFB) (WDW), 2007 U.S. Dist. LEXIS 63068, *24 (E.D.N.Y. Aug. 27, 2007) (noting that "resolution of the criminal case may increase prospects for settlement of the civil case"). Finally, "the public's interest is best served by 'preserving the integrity of the criminal case.'" Harris, 2014 U.S. Dist. LEXIS at *13 (quoting Crawford & Sons, 298 F. Supp. 2d at 319); see also Brock v. Tolklow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985) ("If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it.").

Based on the foregoing, the undersigned respectfully requests that the Court: (1) stay the instant matter, and (2) adjourn *sine die* all deadlines and conferences in this case, including defendants' response to the Court's Valentin Order, which is currently due on October 19, 2021 pending the conclusion of the underlying criminal proceedings. With the Court's approval, the undersigned is prepared to provide the Court with periodic updates as to the status of the criminal proceedings, until the proceedings have been concluded.

Accordingly, this office respectfully requests that the Court stay this matter, pending the conclusion of plaintiff's criminal matters. Should the Court not be inclined to grant this request, this office respectfully requests a sixty day extension of time to respond to the Court's Valentin Order, from October 19, 2021, to December 18, 2021, in order for this office to sufficiently investigate the identities of the unidentified defendants. (See ECF No. 15).

Thank you for your consideration herein.

Respectfully submitted,

/s/
John Schemitsch
*Senior Counsel*
Special Federal Litigation Division

cc: **BY FIRST-CLASS MAIL**
Calvin Reed
*Plaintiff Pro Se*
B&C No. 8852000017
Vernon C. Bain Center
1 Halleck Street
Bronx, New York 10474

---

Application GRANTED to the extent defendant City of New York requests a 60-day extension, to **December 18, 2021**, for the Corporation Counsel to respond to the Court's *Valentin* order. Regarding the City's request for a stay of this action pending resolution of plaintiff's open criminal cases, plaintiff is directed to respond, in writing, no later than **November 24, 2021**. The Clerk of Court is respectfully directed to mail a copy of this order to the plaintiff. **SO ORDERED**.

_____
**Barbara Moses, U.S.M.J.**
**October 25, 2021**