UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALVIN REED,

                Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/2022
```

20-CV-8352 (JPC) (BCM)

**ORDER OF SERVICE**

**BARBARA MOSES, United States Magistrate Judge.**

      Plaintiff, currently incarcerated in the Fishkill Correctional Institution in Beacon, New York, brings this *pro se* action against various individuals affiliated with the New York City Police Department, alleging violations of his constitutional rights as well as state law. Plaintiff filed his original Complaint on October 5, 2020. (Dkt. 2.) On December 7, 2020, the Court granted plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (Dkt. 5), and on April 16, 2021, plaintiff filed his Amended Complaint. (Dkt. 12.)

      On August 20, 2021, the Court issued an Order of Service (Dkt. 15) (1) directing service of the summons and Amended Complaint upon the City of New York (City) and Police Officer Dennis; (2) severing or dismissing all of plaintiff's claims *except for* his claims against the City of New York, Police Officer Dennis, Police Officers John Doe #1-#6, and Detectives Jane and John Doe #1-#2, arising out of plaintiff's arrests and detainments by the New York Police Department (NYPD) on September 9, 2019, July 17, 2020, and August 3, 2020; and (3) directing the Corporation Counsel of the City of New York (Corporation Counsel) to ascertain the identity and badge number of the NYPD members involved in those incidents and sued as "Doe" defendants.

      On February 1, 2022, the City and Police Officer Dennis answered the Amended Complaint. (Dkt. 36.) That same day, the Corporation Counsel identified three of the "Doe"

defendants as Police Office Meija, Detective Saxon, and Detective Santana. (Dkt. 37.) However, the Corporation Counsel did not have enough information to identify the remaining "Doe" defendants, including the "warrant" officers who allegedly picked plaintiff up on September 10, 2019 and the "plain clothes" officers who allegedly arrested him on August 3, 2020. (*Id.*)

On February 3, 2022, the Court directed plaintiff to file a letter, no later than March 4, 2022, providing a more detailed description of the 9/10/19 Warrant Officer Defendants and 8/3/20 Plain Clothes Defendants (as defined in the Court's Order), as well as details concerning the time of day and precise location where plaintiff encountered them. (Dkt. 38.) Plaintiff did not do so, and his deadline expired. On March 11, 2022, the Court directed plaintiff to file his Second Amended Complaint – based upon the information available to him to date, including Corporation Counsel's letter – no later than April 11, 2022 (Dkt. 42), and on April 18, 2022, the Court extended plaintiff's deadline to file his Second Amended Complaint to May 18, 2022. (Dkt. 43.) Around this time, plaintiff was re-arrested, reincarcerated, and moved to several different facilities, causing the initial case management conference to be adjourned several times. (*See* Dkts. 45-53.)

The Court finally held an initial case management conference on August 30, 2022, by telephone, and gave plaintiff until September 30, 2022, to file his Second Amended Complaint. (Dkt. 54.) At plaintiff's request (Dkt. 58), the Court then extended that deadline another 30 days. (Dkt. 59.)

On October 25, 2022, plaintiff filed his Second Amended Complaint (SAC), in which he names the City; Police Officers Dennis and Mejia; Detectives Saxon and Santana; and John Does #1-#6. (Dkt. 60.) Additionally, in the body of his Amended Complaint, plaintiff provides physical descriptions of 9/10/19 Warrant Officer Defendants and the 8/3/20 Plain Clothes Defendants. Additionally, plaintiff requests that the Court "implead" two new defendants: Barry F. Weiss, his

court-appointed defense lawyer in one of the criminal cases against him, who "made my life hell in the Years 20 to 22, and continuing," SAC at ECF p. 17, and NYPD Officer Ortiz, who visited plaintiff's fiancée on July 27, 2020 and "forged her signature" on a Domestic Incident Report (DIR). *Id*. at ECF pp. 19-21.

For the reasons that follow, the Court will direct service on Harold Mejia, Brittney Saxon, and Jeffrey Santana.

## DISCUSSION

Because plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, plaintiff is proceeding IFP and could not have served the summons and SAC until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve the SAC until 90 days after the date the summons is issued. If the SAC is not served within that time, plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow plaintiff to effect service on defendants Mejia, Saxon, and Santana through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process

Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to (1) issue summonses and (2) deliver to the Marshals Service a copy of this order and all other paperwork necessary for the Marshals Service to effect service on these defendants.

To the extent the SAC can be construed as a motion to further expand this action to including attorney Weiss and Officer Ortiz as defendants, the motion is denied. Although leave amend a pleading pursuant to Fed. R. Civ. P. 15(a)(2) should be "freely given" when "justice so requires," leave may be denied where, among other things, the record reveals "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of allowance of the amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff's claims against attorney Weiss, if any, arise from events that took place after the arrests of which he complains in this action and appear to sound in legal malpractice. Those claims must be brought, if at all, in a separate proceeding. *See Amusement Indus., Inc. v. Stern*, 2014 WL 4460393, at *13 (S.D.N.Y. Sept. 11, 2014) ("[C]ourts regularly deny motions to amend where the moving party seeks to add claims involving collateral matters, based on different factual allegations and distinct legal theories, from the claims already at issue in a case.").

As for Officer Ortiz, the Court notes that plaintiff has known this officer's identity for at least 18 months, since he filed his Amended Complaint on April 21, 2021. *See* Amend. Compl. at ECF p. 44 (copy of Domestic Incident Report signed by P.O. Ortiz on July 27, 2020). However, plaintiff made no effort to include Ortiz as a defendant until October 25, 2022, and does not explain his delay in doing so. Under these circumstances, justice does not require that plaintiff be permitted to file yet another pleading, to include alleged misconduct by an additional defendant, on yet

4

another date. *See Stern*, *supra*; *U.S. ex rel. Kester v. Novartis Pharm. Corp.*, 2015 WL 1650767, at *5 (S.D.N.Y. Apr. 10, 2015) ("Although mere delay is usually insufficient to deny leave to amend under Rule 15(a), a lengthy delay without a reasonable explanation justifies denying leave to amend.").

Plaintiff is reminded that he must notify the Court in writing if his address changes, and the Court may dismiss the action if plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is respectfully instructed to (1) complete the USM-285 forms with the addresses for Harold Mejia, Brittney Saxon, and Jeffrey Santana; (2) issue summonses; and (3) deliver to the U.S. Marshals Service all documents necessary to effect service of the summons and Second Amended Complaint on those defendants.

Dated: New York, New York
       November 21, 2022                     SO ORDERED.

                                             _____
                                             **BARBARA MOSES**
                                             **United States Magistrate Judge**