UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/08/2022
```

| | |
|---|---|
| CALVIN REED,<br><br>                    Plaintiff,<br><br>        -against-<br><br>CITY OF NEW YORK, et al.,<br><br>                    Defendants. | 20-CV-8352 (JPC) (BCM)<br><br>**ORDER** |

**BARBARA MOSES, United States Magistrate Judge.**

In his Second Amended Complaint, filed October 25, 2022 (SAC) (Dkt. 60), *pro se* plaintiff Calvin Reed alleges that in July 2020, he was wrongfully arrested by officers of the New York Police Department (NYPD). SAC at ECF pp. 3-5. One officer has answered (Dkt. 61); summonses have been issued for the remaining officers. (Dkt. 64.) By letter-motion dated December 1, 2022, plaintiff requests "permission to file a separate suit against" the parole officers who allegedly beat him in September 2019, and "the correctional officers who locked [him] inside a van." Pl. Ltr. (Dkt. 63) at 1.

Plaintiff's Amended Complaint – which preceded the operative complaint in this action – made allegations against various groups of defendants, including the NYPD officers that are the subject of the SAC in this action; a group of unidentified parole officers employed by the New York State Department of Corrections and Community Service (DOCCS), who allegedly beat him with batons when he reported to a DOCCS office in September 2019; and a group of unidentified corrections officers employed by the New York City Department of Corrections (NYCDOC), who allegedly locked plaintiff in an NYCDOC van in August 2020. These three groups of claims involved three distinct sets of defendants and took place on three different dates. *See* Amend. Compl. (Dkt. 12) at ECF p. 9.

In an Order of Service issued on August 20, 2021 (Dkt. 15), the Hon. John P. Cronan, United States District Judge, construed plaintiff's Amended Complaint "as asserting claims under 42 U.S.C. § 1983, claims for *habeas corpus* relief, and claims under state law" against the NYPD officers, and permitted the instant suit to proceed against the NYPD officers. Order of Service at 2. Additionally, Judge Cronan found that plaintiff "may have alleged facts sufficient to state a claim" against the DOCCS parole officers who allegedly beat him when he reported to their office and the NYCDOC corrections officers who allegedly locked him the in the van. *Id*. at 8. However, since the second and third "groups of claims" were "clearly unrelated to each other and unrelated to plaintiff's claims arising from his arrests and detainments," Judge Cronan severed these two groups of claims, *id.*, and directed the Clerk of Court to open one new unassigned civil action for the claims against the DOCCS parole officers and one new unassigned civil action for the claims against the NYCDOC corrections officers. *Id.* at 2.

It appears to this Court that no new unassigned civil actions were opened. Consequently, the Clerk of Court is respectfully directed to open two new actions, the first against the City of New York and the New York City Department of Corrections officers involved in the August 2020 NYDOC van incident, and the second against the New York State Department of Corrections and Community Supervision officers involved in the September 2019 beating incident. The Clerk of Court is further directed to post plaintiff's Amended Complaint (Dkt. 12) and Judge Cronan's Order of Service (Dkt. 15) to each new action.

Dated: New York, New York
       December 8, 2022                              SO ORDERED.

                                                     _____
                                                     **BARBARA MOSES**
                                                     **United States Magistrate Judge**