USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/26/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALVIN REED,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, et al.,

                Defendants.

20-CV-8352 (JPC) (BCM)

**ORDER**

**BARBARA MOSES, United States District Judge.**

The Court is in receipt of (i) plaintiff Calvin Reed's motion, dated September 11 and filed September 18, 2023, seeking leave to file a third amended complaint that would add 12 new defendants (Mtn. to Amend) (Dkt. 94); and (ii) plaintiff's application for the Court to request pro bono counsel on his behalf (Pro Bono Counsel App.) (Dkt. 101) filed on October 18, 2023. This order resolves Reed's application for pro bono counsel and sets a deadline to complete the briefing on the motion for leave to amend.

### Plaintiff's Request for Pro Bono Counsel is Denied

The courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In civil cases – unlike criminal cases – there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a lawyer, it has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent that litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services *of pro bono* counsel sparingly, and with reference to public benefit, in order

to preserve the "precious commodity" of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). As a threshold matter, plaintiff must demonstrate that his claim has substance or a likelihood of success. *See Hodge*, 802 F.2d at 60-61. Thus, as noted on the application form that plaintiff filled out, "[R]equests for pro bono counsel are rarely granted at the early stages of a case and usually not before the Court has issued a decision on the merits of the case." Pro Bono Counsel App. at 1. Although this case has been on the docket since 2020, it is still at an early stage, procedurally. Indeed, although the defendants named in the Second Amended Complaint have answered it, in light of the pending motion for leave to amend, the pleadings are once again unsettled and it is unclear which claims may survive and against which defendants. Thus, the Court is not in a position to conclude that plaintiff's claims have substance.

In his application, Reed states that he needs an attorney because he is no longer in prison and because he is now a plaintiff in three civil cases proceeding simultaneously in district court. Pro Bono Counsel App. at 1. However, an incarcerated plaintiff's release does not increase the need for pro bono counsel. If anything, plaintiff's freedom will increase his access to the resources necessary to do his own research, take advantage of free legal services, or locate private counsel willing to take his case. *See, e.g., Miller v. Univ. of Med. & Dentistry of New Jersey*, 2013 WL 1197806, at *2 (D.N.J. Mar. 20, 2013) (noting that a released plaintiff "should have access to public libraries to conduct legal research, greater mobility to contact attorneys for possible legal

representation, and opportunities to seek employment and earned income to alleviate his financial difficulty in seeking representation."). Similarly, the fact that a plaintiff is pursuing multiple civil lawsuits does not, standing alone, entitle him to pro bono counsel in any one of those cases. Plaintiff's request that the court seek pro bono counsel to represent him is therefore DENIED, without prejudice to renewal if and when plaintiff has made a stronger showing on the merits.

## Other Options for Legal Assistance

Although the Court will not seek pro bono counsel for Reed at this time, he may benefit from the services of a legal clinic. The New York Legal Assistance Group (NYLAG) operates a free legal clinic in the Southern District of New York, staffed by attorneys and paralegals, to assist those who are representing themselves in civil lawsuits in this Court. The clinic is not part of, or run by, the Court (and, among other things, cannot accept filings on behalf of the Court, which must still be made by a *pro se* party through the *Pro Se* Intake Unit).

A flyer explaining how to contact the NYLAG is attached to this order.

## The Motion for Leave to Amend

As noted above, Reed has filed a motion for leave to file a third amended complaint. He proposes to add 12 new defendants, including 11 police officers and an assistant district attorney, explaining that he only recently learned that these individuals "played a significant role in my arrest." Mtn. to Amend at 1. However, plaintiff's proposed new pleading, *see id*. at ECF pp. 3-16, fails to list any of the proposed new defendants, describe any allegedly unlawful conduct by them, or explain how, if at all, his proposed claims against these individuals relate to the claims alleged in the Second Amended Complaint. In a letter-brief filed October 23, 2023 (Dkt. 102), defendants oppose plaintiff's motion, arguing that all of his claims against the proposed new defendants are

barred by the applicable 3-year statute of limitations and do not "relate back" to the date on which plaintiff originally filed this action.

Plaintiff may file a reply brief in further support of his motion for leave to amend no later than **November 27, 2023**. In his reply brief (which may be in letter form), plaintiff should respond to the specific points raised by defendants in opposition to the motion. If plaintiff fails to file a reply brief by the deadline set forth herein, the Court may decide the motion based on the present record.

### Change of Address

Finally, the Court observes that Reed's address appears to have changed. *See* Pro Bono Counsel App. at 2. The Court reminds plaintiff that it is his responsibility to update the Court whenever his address or other contact information changes.

### Consent to Receive Documents Electronically

Now that Reed has been released from prison, he may wish to receive documents in this case electronically (by e-mail) instead of by regular mail. If so, Reed may fill out and submit the attached consent to electronic service.

### Conclusion

The motion for pro bono counsel (Dkt. 101) is DENIED.

The Clerk of Court is respectfully directed to update plaintiff's address on the docket as follows:

2111 Southern Boulevard
Apt. 17A
Bronx NY 10460

The Clerk of Court is further directed to mail this Order, as well as the orders at Dkts. 92, 96, 98, and 100 (which were previously mailed to various correctional facilities) to plaintiff at his new address.

Dated: New York, New York
        October 26, 2023                    **SO ORDERED.**

                                            _____
                                            **BARBARA MOSES**
                                            **United States Magistrate Judge**

**NYLAG**
New York | Legal Assistance Group

# Services Provided for Self-Represented Litigants in the Southern District of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York provides free limited legal assistance to individuals who are representing themselves or planning to represent themselves in civil lawsuits in federal court in Manhattan and White Plains. The clinic is staffed by attorneys, law students, and paralegals. Information given to clinic staff is confidential.

## Clinic Staff Can:

- Advise on filing cases in federal court, including on the issue of whether a case should be filed in the Southern District of New York or somewhere else;
- Provide legal advice in response to questions that come up at any stage of litigation;
- Assist in getting additional information or research into the legal issue in your case;
- Review and explain court orders and filings by your opponent, and provide an overview of the federal legal process in civil cases generally;
- Assist with motions, discovery, and strategy;
- Assist with getting ready for depositions, pretrial conferences, mediations, and court appearances;
- Provide forms and instructions manuals;
- In appropriate cases, help you retain pro bono counsel;
- In appropriate cases, represent you in a mediation through the Southern District's Alternative Dispute Resolution Program, or a court-ordered settlement conference;
- In appropriate cases, represent you at a deposition; and
- In appropriate cases, provide referrals to other agencies and organizations that provide civil legal services and/or social services.

## Clinic Staff Cannot:

- Assist with federal civil cases that belong in a different federal court, such as the Eastern District of New York, which covers of New York, which covers Brooklyn, Queens, Staten Island, and Nassau and Suffolk Counties;
- Assist with an appeal of your federal case;
- Assist with state court cases, bankruptcy court cases, or criminal cases;
- Pay any of the costs associated with filing or defending a lawsuit in federal court;
- File documents with the court on your behalf;
- Appear on your behalf other than representation at a mediation through the Southern District's Alternative Dispute Resolution Program, a court-ordered settlement conference, or, in appropriate cases, a deposition;
- Write court documents for you; or
- Conduct an investigation into the facts of your case.

## Clinic Staff May Decline Assistance If:

- NYLAG has already given advice to your opponent;
- Your legal problem is beyond the scope of matters handled by the clinic;
- Providing assistance would conflict with the New York Rules of Professional Conduct;
- Your income and/or assets are high enough to allow you to retain private counsel; or
- NYLAG determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

Use of the NYLAG Legal Clinic for Pro Se Litigants is separate from any appointment of counsel by the court. A request for appointment of counsel requires a separate application and the decision whether to appoint counsel is entirely up to the court. Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

**New York:** Thurgood Marshall United States Courthouse | Room LL22 | 40 Foley Square | New York, NY 10007 | (212) 659 6190 | https://nylagoi.legalserver.org/modules/matter/extern_intake.php?pid=142&h=cea984&





Since 1990, NYLAG has provided free civil legal services
to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

    Room LL22
    40 Foley Square
    New York, NY 10007
    (212) 659 6190

    Open weekdays
    10 a.m. – 4 p.m.
    Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

### IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

PRO SE INTAKE WINDOW LOCATIONS:
40 FOLEY SQUARE | NEW YORK, NY  10007
300 QUARROPAS STREET | WHITE PLAINS, NY  10601

MAILING ADDRESS:
500 PEARL STREET | NEW YORK, NY 10007
PRO SE INTAKE UNIT: 212-805-0136

rev. 3/5/21

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address          City               State               Zip Code

_____
Telephone Number                    E-mail Address

_____
Date                                 Signature