```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/5/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALVIN REED,

        Plaintiff,

-against-

CITY OF NEW YORK, et al.,

        Defendants.

20-CV-8352 (MMG) (BCM)

**MEMORANDUM AND ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Plaintiff Calvin Reed, proceeding pro se, initiated this action on October 5, 2020, pursuant to 42 U.S.C. § 1983, alleging violations of his federal constitutional rights by members of the New York Police Department (NYPD) during multiple arrests in 2019 and 2020. *See* Compl. (Dkt. 2) at ECF pp. 4-5. He has since amended his complaint twice. *See* Am. Compl. (Dkt. 12); Second Am. Compl. (Dkt. 60). Now before the Court is plaintiff's Notice of Motion dated September 11, 2023 (Mot.) (Dkt. 94), in which he seeks leave to file a third amended complaint that would add 12 new defendants, including 11 additional NYPD officers and an assistant district attorney. For the reasons that follow, plaintiff's motion will be denied.[1]

---

[1] The Federal Rules of Civil Procedure make a distinction between non-dispositive motions, which magistrate judges are authorized to "hear and decide," subject to review under the "clearly erroneous" standard set out therein, Fed. R Civ. P. 72(a), and dispositive motions, as to which magistrate judges must enter a "recommended disposition," subject to *de novo* review by the district judge. Fed. R. Civ. P. 72(b). The Second Circuit has stated, albeit in *dicta*, that motions to amend the pleadings are nondispositive motions" that can be determined by a magistrate judge. *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007); *see also Kilcullen v. New York State Dep't of Transp.*, 55 F. App'x 583, 584 (2d Cir. 2003) (summary order) (same); *but see Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 25 (2d Cir. 2012) (summary order) (treating as dispositive a magistrate judge's order denying leave to serve an amended complaint "to the extent it contained any state law claims," because the order "effectively dismissed [plaintiff's] existing state law claims"). In recent years, many district and magistrate judges within our Circuit have come to the conclusion that "a motion to amend is not a dispositive motion," *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. PVT Ltd.*, 338 F.R.D. 579, 583 n.4 (S.D.N.Y. 2021) (quoting *Media Glow Digital, LLC v. Panasonic Corp. of N. Am.*, 2020 WL 3483632, at *3 (S.D.N.Y. June 26, 2020)), regardless of the grounds on which it is decided. *See, e.g., Jhagroo v. Brown*, 2020 WL 3472424, at *2 n.1 (S.D.N.Y. June 25, 2020) (concluding that magistrate judge had the authority to deny motion to amend on

I.   **BACKGROUND**

In his original Complaint, filed while he was a detainee at Rikers Island, plaintiff alleged that he was wrongfully arrested on September 9, 2019, July 17, 2020, and August 3, 2020, but did not name any of the police officers involved in those arrests. Compl. at ECF pp. 4-5. On December 15, 2020, the Hon. Louis L. Stanton, United States District Judge, directed plaintiff to amend his pleading, *see* 12/15/20 Order (Dkt. 6) at 8, and instructed him that, in his amended complaint, he "must name as the defendant(s) in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights." *Id*. The Court explained that the caption "is located on the front page of the complaint," reiterated that "each defendant must be named in the caption," and stressed that all of the defendants named in the caption "must also be discussed in Plaintiff's statement of claim." *Id*. at 8 n.3. The Court continued:

> In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:
>
> a)   give the names and titles of all relevant persons;
>
> b)   describe all relevant events, stating the facts that support Plaintiff's case, including what each defendant did or failed to do;

---

both timeliness and futility grounds); *Xie v. JPMorgan Chase Short-Term Disability Plan*, 2018 WL 501605, at *1 (S.D.N.Y. Jan. 19, 2018) (treating magistrate judge's recommendation to deny motion to amend on futility grounds as a non-dispositive ruling reviewable only for clear error). "Other courts within the Second Circuit make a distinction between denials based on undue delay or prejudice, which are viewed as non-dispositive, and denials based on futility, which are viewed as akin to the grant of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and therefore dispositive." *Adams v. Bloomberg L.P.*, 2024 WL 3269274, at *1 n.1 (S.D.N.Y. July 2, 2024) (collecting cases); *see also*, *e.g.*, *Dolac v. Cty. of Erie*, 2020 WL 2840071, at *1 n.2 (W.D.N.Y. June 1, 2020) ("to the extent that [Magistrate] Judge Schroeder's determinations regarding the amended complaint were based on futility, and Dolac objected to these determinations, this Court reviews them *de novo*") In this case, my decision to deny the motion rests in substantial part on futility grounds. *See* Part III(B), *infra*. If and to the extent my determination is deemed "dispositive" for purposes of Rule 72(b), I respectfully recommend that the motion be denied.

2

    c)      give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

    d)      give the location where each relevant event occurred;

    e)      describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

    f)      state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

*Id*. at 9. The Court further advised plaintiff that "the naming of 'John Doe' or 'Jane Doe' defendants . . . does not toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any 'John Doe' or 'Jane Doe' defendants and amending his complaint to include the identity of any 'John Doe' or 'Jane Doe' defendants before the statute of limitations period expires." *Id*. at 9.

On April 16, 2021, plaintiff filed his Amended Complaint, in which he named the City of New York (City), NYPD Officer Natasha Dennis, six "John Doe" NYPD officers, and two "John Doe" NYPD detectives, and repeated his allegations regarding his arrests on September 9, 2019, July 17, 2020, and August 3, 2020. *See* Am. Compl. at ECF pp. 1, 4-5, 9-10, 20.[2]

On August 20, 2021, the Hon. John P. Cronan, United States District Judge, issued an Order of Service pursuant to *Valentin v. Dinkins*, 121 F. 3d 72 (2d Cir. 1997), directing that summonses be served on the City and defendant Dennis, and requiring the City's Corporation Counsel to identify the "Doe" officers and detectives involved in the September 9, 2019, July 17, 2020, and

---

[2] In the same pleading, plaintiff alleged that his constitutional rights were violated on other dates by officials and employees of the New York City Department of Correction and the New York State Department of Corrections and Community Supervision. *See* Am. Compl. at ECF pp. 2, 5-7, 10-17, 21. He also attached approximately 40 pages of exhibits, including medical records, arrest-related paperwork, grievances, and correspondence. *Id*. at ECF pp. 22-63.

August 3, 2020, arrests. *See* 8/20/21 Order (Dkt. 15) at 5-6.[3] On September 3, 2021, the case was referred to me for general pretrial management. (Dkt. 19.) By letter dated February 1, 2022, the City identified NYPD Officers Natasha Dennis and Harold Mejia and NYPD Detectives Brittney Saxon and Jeffrey Santana. 2/1/22 Ltr. (Dkt. 37) at 2. Counsel reported that the City was unable to identify the remaining "Doe" defendants at that time, and requested that plaintiff be required to provide additional information about them. *Id.* at 2-3.

On February 3, 2022, I instructed plaintiff that if he wished to assert claims against the remaining "Doe" defendants, he must provide a "more detailed description" of those individuals and their interaction with him, by March 4, 2022, to "assist Corporation Counsel in properly identifying them." *See* 2/3/22 Order (Dkt. 38) at 2-3. Plaintiff failed to submit the request information. Consequently, on March 11, I advised him that if he wished to further amend his complaint, "he must do so based upon the information available to him to date," 3/11/22 Order (Dkt. 42) at 1, and directed him to file his Second Amended Complaint by April 11, 2022. *Id*. I then reminded plaintiff that:

> [I]n his Second Amended Complaint he must list, by name, title, and shield number (where applicable), each defendant he intends to sue. Additionally, in his statement of claim, he must provide a short and plain statement of the relevant facts supporting each claim against each such defendant. To the greatest extent possible, the Second Amended Complaint must:
>
> a.  give the names and titles of all relevant persons (whether or not those persons are defendants);
>
> b.  describe all relevant events, stating the facts that support plaintiff's case including what each defendant did or failed to do;
>
> c.  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

---

[3] In the same order, the Court dismissed or severed all of the claims and causes of action in the Amended Complaint *except* for those asserted against NYPD personnel and arising out of the September 9, 2019, July 17, 2020, and August 3, 2020, arrests. *See* 8/20/21 Order at 9-11.

    d.      give the location where each relevant event occurred, as precisely as possible;

    e.      describe how each defendant's acts or omissions violated plaintiff's rights;

    f.      describe the injuries plaintiff suffered; and

    g.      state what relief plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

*Id*. at 1-2. When plaintiff failed to file his Second Amended Complaint by April 11, 2022, I extended his deadline, *sua sponte*, to May 18, 2022. (Dkt. 43.) Once again, however, plaintiff did not file any Second Amended Complaint.

On July 8, 2022, the Court learned that plaintiff was in state custody. (Dkt. 49.) On August 30, 2022, I held a case management conference, which plaintiff attended by telephone from the Fishkill Correctional Facility. During the conference, I noted that the Second Amended Complaint was long overdue, and directed plaintiff to file it no later than September 30, 2022. *See* 8/30/22 Order (Dkt. 54) ¶ 2. I then reminded plaintiff, again, that:

> [I]n his Second Amended Complaint he must list, by name, title, and shield number (where applicable), each defendant he intends to sue. Additionally, in his statement of claim, he must provide a short and plain statement of the relevant facts supporting each claim against each such defendant. To the greatest extent possible, the Second Amended Complaint must:
>
>     a.      give the names and titles of all relevant persons (whether or not those persons are defendants);
>
>     b.      describe all relevant events, stating the facts that support plaintiff's case including what each defendant did or failed to do;
>
>     c.      give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;
>
>     d.      give the location where each relevant event occurred, as precisely as possible;
>
>     e.      describe how each defendant's acts or omissions violated plaintiff's rights;
>
>     f.      describe the injuries plaintiff suffered; and

  g. state what relief plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

*Id*.

After further prompting from the Court (*see* Dkt. 59), plaintiff filed his Second Amended Complaint on October 25, 2022, naming Officer Dennis, Officer Mejia, Det. Saxon, and Det. Santana as defendants, along with the City and "John Doe #1 - #6" (described as "warrant officers"). *See* Second Am. Compl. at ECF pp. 1, 3-4. In his Statement of Claim, plaintiff repeated his allegations concerning his arrests on September 9, 2019, July 17, 2020, and August 3, 2020, this time identifying Dennis and Mejia as the arresting officers on July 17, 2020, and Saxon and Santana as the detectives who "failed to bring me back to Central Booking to get processed and go home" on September 9, 2019. *Id*. at ECF pp. 5, 10. Three of the "warrant officers," he stated, handcuffed him during the September 9, 2019 arrest, injuring his wrist, while the other three "jumped out of a gray van" to chase and arrest him on August 3, 2020. *Id*. at ECF p. 5.

In an addendum to the Second Amended Complaint, plaintiff provided physical descriptions of the six "John Doe" warrant officers. Second Am. Compl. at ECF pp. 14-15.[4] Additionally, he submitted a nine-page narrative, *id*. at ECF pp. 16-24, in which he complained about the conduct of two of his court-appointed lawyers, accused an assistant district attorney (ADA) of "trying to sabotage my release," and asserted that he was arrested again, on "trumped up charges," on April 7, 2022. In the same document, plaintiff stated that an NYPD officer identified as Officer Ortiz "visited the 'CW' [complaining witness] on July 27, 2020, and forged her signature" on a Domestic Incident Report (DIR), thereby depriving her of her "First Amendment Rights." *Id*. at ECF pp. 19-22. Plaintiff did not, however, identify the defense attorneys, the ADA,

---

[4] Because this information was seven months late, I did not require City to conduct further research into the identities of the warrant officers. *See* 2/3/22 Order at 2-3; 3/11/22 Order at 1.

6

or Officer Ortiz as defendants in his Second Amended Complaint, nor mention them in his Statement of Claim. *Id*. at ECF pp. 1, 3-5.

I held another case management conference on August 15, 2023. Plaintiff, who again appeared by telephone from the Fishkill Correctional Facility, advised the Court during the conference that he wished to further amend his pleading to name Officer Ortiz as an individual defendant. Plaintiff acknowledged that he knew about Officer Ortiz's forgery by some point in 2021, but stated that since then he had also learned that Ortiz gave false testimony to a grand jury. Plaintiff did not mention any other potential new defendants. I set a deadline of September 15, 2023, for plaintiff to move for leave to amend. *See* 8/15/23 Order (Dkt. 89) ¶ 1. I then instructed:

> Should plaintiff make such a motion, he must attach a copy of his proposed third amended complaint, using the form attached to this Order. He must also explain why leave to further amend his complaint or to join additional parties should be granted at this late date. *See* Fed. R. Civ. P. 15(a)(2), 16(b)(4). **If leave to amend is granted, plaintiff's proposed third amended complaint will completely replace, not supplement, the Second Amended Complaint. For that reason, any facts or claims that plaintiff wishes to maintain must be included in the proposed third amended complaint.**

*Id*. At the same conference, I set a discovery schedule, *see id*. ¶ 2, and referred plaintiff to the Clinic for Pro Se Litigants in the Southern District of New York for assistance in meeting his litigation obligations. *Id*. ¶ 5.

## II. PLAINTIFF'S MOTION

On September 18, 2023, the Court received plaintiff's September 11, 2023 Notice of Motion, which is styled as a "motion to implead" 12 new defendants, including Officer Ortiz, 10 other NYPD officers, and an assistant district attorney. Mot. at ECF p. 1-2.[5] Plaintiff states that he

---

[5] The proposed new defendants are: Det. Carlos V. Mena, Officer Brian McAlister, Officer Rivera, Officer Dominico, Officer Taulant Gjonbalaj, Officer Ortiz, Officer Davis, Sgt. Michael A. Vega, Officer Gary Lapotry, Officer Milian, Sgt. Eddie Rios, and ADA Melissa Vo. Mot. at ECF pp. 1-2.

7

only recently learned, by reviewing discovery sent to him by defendants, that the proposed new defendants "play[ed] a significant role in my arrest." *Id*. at ECF p. 2. He adds that that Officer Ortiz "forged CW's signature on July 27, 2020, and after learning about plaintiff's complaint, "re-checked off boxes" on the DIR; that Officer Gjonbalaj "falsely testified at the grand jury domestic incident report of June 28-29th 2000"; that Sgt. Vega was the "supervisor" who "approved PO Dennis's arrest"; and that ADA Vo "prosecuted plaintiff for assault[.]" *Id*. at ECF pp. 1-2. Plaintiff does not explain what role, if any, the remaining NYPD officers played in his arrests. Nor does he explain which (if any) of them are the "warrant officers" previously sued as "John Doe #1 - #6."

Notwithstanding this Court's repeated instructions concerning amended pleadings, the proposed third amended complaint attached to plaintiff's Notice of Motion (Prop. TAC) (Dkt. 94 at ECF pp. 3-16), which was prepared using this Court's standard form complaint for prisoners suing under § 1983, does not list any of the newly-identified individuals in the caption, *see* Prop. TAC at ECF p. 3 (listing Dennis, Mejia, Saxon, Santana, John Doe #1 - #6, and the City), or in the "Defendant Information" section. *See id*. at ECF p. 5 (listing only Dennis, Mejia, Saxon, and Santana). Nor does plaintiff allege any misconduct, at any time, by any of them. To the contrary: in his Statement of Claim,[6] plaintiff complains of misconduct by Dennis, Mejia, Saxon, Santana – and by the still-anonymous "warrant officers." *Id*. at ECF p. 6. He further alleges that one of his court-appointed defense lawyers "waived" his right to testify before a grand jury and that another "was extremely ineffective." *Id*. Nowhere in the Statement of Facts, however, does plaintiff mention any of the individuals he now seeks to implead. *Id*.[7]

---

[6] This section of the form instructs the plaintiff to "[s]tate here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the wrongful actions. Attach additional pages as necessary." Prop. TAC at ECF p. 6.

[7] In addition to his Statement of Claim, plaintiff submits a two-page medical report showing that he was tested for COVID on August 3, 2020. Prop. TAC at ECF pp. 9-10. He submitted the same

On October 23, 2023, defendants filed a letter-brief in opposition to plaintiff's motion. Defendants argue that any claims against the proposed new defendants are barred by the three-year statute of limitations applicable to § 1983 claims, *see Duplan v. City of New* York, 888 F.3d 612, 619 (2d Cir. 2018), and do not "relate back" to the date on which plaintiff originally filed this action. (Dkt. 102 at 2-3.) By Order dated October 26, 2023, the Court explained the facial deficiencies of plaintiff's proposed new pleading, summarized defendants' opposition, and gave plaintiff (who had by then been released from custody, *see* Dkt. 101) until November 27, 2023, to file a reply brief in further support of his motion. (Dkt. 103 at 3-4).

Plaintiff did not file any reply. Nor did he appear, as required, for any of the four status conferences held thus far in 2024: on January 16, March 14, April 18, and June 10, 2024. (*See* Dkts. 107, 110, 114, 118.) On June 10, 2024 – the same day he missed the fourth consecutive status conference – plaintiff filed a letter chronicling various life challenges he had recently faced, including unemployment, an unspecified illness, and the death of his fiancée in March 2024, which required him to move out of her apartment into a shelter. (Dkt. 119 at ECF pp. 1-2.) Plaintiff did not, however, address his still-pending motion to amend his complaint.

After numerous extensions, discovery in this action was due to close on July 29, 2024. (*See* Dkt. 110.) On August 2, 2024, defendants sought an additional 60 days, through September 27,

---

report in 2021. *See* Am. Compl. at ECF pp. 23-24. He also submits two undated and unlabeled transcript pages, *id*. at ECF pp. 11-12; and three pages relating to the July 27, 2020 Domestic Incident Report (DIR) on which Officer Ortiz allegedly forged the CW's signature. *Id*. at ECF pp. 13-15. The Court notes here that plaintiff submitted one of those pages (in more legible form) on April 16, 2021. *See* Second Am. Compl. at ECF p. 43. The Court further notes that, although plaintiff has presented what appear to be two different versions of the DIR, one of which has additional boxes checked (likely indicating additional investigatory steps the officer took after handing a copy of the DIR to the CW at the scene), *compare id*. *with* Prop. TAC at ECF p. 14, *both* versions of the DIR state that the CW had "no visible marks" on her face, and *neither* of them includes any purported statement by the CW herself. *See* Second Am. Compl. at ECF p. 43 (noting that the victim "refused" to make a written statement).

9

2024, to obtain the remainder of plaintiff's relevant medical records and permit plaintiff to review the transcript of his July 26, 2024 deposition. (Dkt. 120.) Once those tasks are accomplished, defendants report, discovery will be complete and the case will be ripe for summary judgment. (*Id.*) I granted the extension. (Dkt. 121.)

### III. DISCUSSION

#### A. Legal Standards

Fed. R. Civ. P. 15(a)(2) allows a party to amend its pleading "only with the opposing party's written consent or the court's leave." Although the court should "freely give leave when justice so requires," *id.*, it may properly deny leave to amend in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment[.]" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). An amendment is futile if it "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citation omitted). Similarly, "[a]mendment would likely be futile if . . . the claims the plaintiff sought to add would be barred by the applicable statute of limitations." *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000).

In order to withstand a Rule 12(b)(6) motion to dismiss, a complaint must satisfy Fed. R. Civ. P. 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The "short and plain statement" must include enough factual detail to demonstrate that the claim "is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-

10

pleaded factual allegations as true. *Id.* at 678-79. Additionally, the Court must construe pro se pleadings liberally, and interpret them "to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020). However, "naked assertions devoid of further factual enhancement" need not be accepted as true. *Iqbal*, 556 U.S. at 678 (internal citations omitted). Moreover, even a pro se complaint must plead "enough facts to state a claim to relief that is plausible on its face." *O'Neil v. Ponzi*, 394 F. App'x 795, 796 (2d Cir. 2010) (summary order) (quoting *Twombly,* 550 U.S. at 570); *accord*, *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). Thus, although the court is "obligated to draw the most favorable inferences that [a pro se plaintiff's] complaint supports," it "cannot invent factual allegations that he has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

Even if the proposed pleading states a plausible claim, the court has "discretion to deny leave to amend 'where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice' other parties," *Grace*, 228 F.3d at 53 (quoting *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir. 1990)). Under Fed. R. Civ. P. 16(b)(4), a pretrial schedule "may be modified only for good cause and with the judge's consent." Where, as here, the last deadline set by the Court for amending the pleadings has passed, it is the obligation of the party moving for leave to amend to show good cause for the late amendment, which depends on "the diligence of the moving party." *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 267 (2d Cir. 2009) (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)); *accord Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003). Specifically, the moving party "must show that, despite its having exercised diligence, the applicable deadline [set in the court's scheduling order] could not reasonably have been met." *Sokol Holdings, Inc. v. BMB Munai, Inc.*, 2009 WL 3467756, at *2 (S.D.N.Y. Oct. 28, 2009).

11

### B. Application of Standards

Insofar as plaintiff seeks to implead Officer Ortiz, he has failed to show good cause for doing so out of time. Plaintiff learned of Officer's Ortiz's alleged misconduct in 2021, and thus was well aware of it before he filed his Second Amended Complaint in October 2022. Indeed, plaintiff identified Ortiz in an addendum to that pleading, asserting that Ortiz forged the signature of the complaining witness on a DIR, and attached a copy of the DIR itself, *see* Second Am. Compl. at ECF pp. 19-22, 43, but did not name Ortiz as a defendant at that time. As to Officer Ortiz, therefore, plaintiff's motion for leave to amend is properly denied pursuant to Rule 16(b)(4). The same is true as to ADA Vo, whose identity must have been known to plaintiff when she "prosecuted plaintiff for assault[.]" Prop. TAC at ECF p. 2.

Leaving aside the timeliness of the motion to amend, plaintiff's proposed third amended complaint is itself plainly deficient – as to all of the individuals he seeks to implead – in that it does not identify any of them as defendants. Prop. TAC at ECF pp. 1, 3-6. Nor does it explain, even in broad strokes, what any of them did to violate plaintiff's federal constitutional rights. *See Kulkarni v. Actavis Generics*, 2022 WL 19560995, at *1 (S.D.N.Y. Dec. 13, 2022) (denying motion to amend as "plainly deficient" where pro se plaintiff's proposed amended complaint "contains no factual allegations, identifies no legal claims, and seeks no relief" as against the additional defendants she proposed to implead).[8] Because the Court cannot "invent factual allegations that [plaintiff] has not pled," *Chavis*, 618 F.3d at 170, his motion to amend must be denied as futile.

---

[8] Even if I liberally construe the proposed third amended complaint to include the factual assertions contained in the Notice of Motion, I cannot conclude that plaintiff has stated a plausible claim against any of the individuals he seeks to implead. He makes no factual assertions whatsoever about Det. Mena, Officer McAlister, Officer Rivera, Officer Domenico, Officer Davis, Officer Lapotry, Officer Milian, or Sgt. Rios. Mot. at ECF pp. 1-2. He alleges that Officer Gjonbalaj "falsely testified," at what he describes as "the grand jury domestic incident report of June 28th-29th 2020." *Id.* at ECF p. 1. However, he does not attach Gjonbalaj's testimony, indicate what was

In *Kulkarni*, the court gave plaintiff leave to renew her motion to amend at a later date, "attaching a proposed amended pleading that satisfies Rule 8(a)." 2022 WL 19560995, at *1. Plaintiff Reed, however, has already amended twice, and has been repeatedly instructed that when he does so he is required to identify each of the defendants he intends to sue in the caption of his proposed amended pleading and "provide a short and plain statement of the relevant facts supporting each claim against each such defendant," including "what each defendant did or failed to do" and "the dates and times of each relevant event." 12/15/20 Order at 8-9; 3/11/22 Order at 1-2; 8/30/22 Order ¶ 2; *see also* 8/15/23 Order ¶ 1 ("If leave to amend is granted, plaintiff's proposed third amended complaint will completely replace, not supplement, the Second Amended Complaint. For that reason, any facts or claims that plaintiff wishes to maintain must be included in the proposed third amended complaint."). Moreover, plaintiff was expressly advised on October 26, 2023, that his proposed third amended complaint was deficient, and given an opportunity to submit reply papers, but failed – for the next nine months – to make any further effort in support of his motion. During the same period, plaintiff failed to attend four court conferences in a row. Under these circumstances, plaintiff is not entitled to any further opportunities to amend.

---

false about it, or explain how, if at all, this conduct relates to plaintiff's arrests on September 9, 2019, July 17, 2020, and August 3, 2020. He alleges that Sgt. Vega "approved" an arrest by defendant Dennis, but alleges no fact suggesting personal misconduct by Vega, as required to state a § 1983 claim against him. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). The same is true for ADA Vo, who, in any event, is immune from suit. *See Ogunkoya v. Monaghan*, 913 F.3d 64, 69 (2d Cir. 2019) ("Absolute immunity bars § 1983 suits against prosecutors for their role 'in initiating a prosecution and in presenting the State's case.'") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). As for Officer Ortiz, plaintiff clearly alleges that he forged the CW's signature on the July 27, 2020 DIR (and "re-checked off boxes"). *Id*. at 1. However, as noted above, *see supra* n.7, neither version of the DIR includes any accusatory statement by the CW.

Because plaintiff has failed to show good cause for his delay in attempting to add Officer Ortiz and ADA Vo as a defendant, and because the proposed third amended complaint plainly fails, on its face, to state a plausible claim against any of the defendants plaintiff seeks to implead, the Court need not reach the statute of limitations issue raised by defendants.

## IV. CONCLUSION

For the reasons set forth above, plaintiff's motion for leave to further amend his pleading (Dkt. 94) is DENIED.

Dated: New York, New York
       August 5, 2024

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**

### NOTICE OF PROCEDURE FOR FILING OF OBJECTIONS TO THIS MEMORANDUM AND ORDER

The parties shall have 14 days from this date to file written objections to this Memorandum and Order pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), which provides that after a magistrate judge issues a decision on a non-dispositive pretrial matter, "[a] party may serve and file objections to the order within 14 days," and the district judge must "modify or set aside any part of the order that is clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, addressed to the Hon. Margaret M. Garnett. Any request for an extension of time to file objections must be directed to Judge Garnett. **Failure to file timely objections will result in a waiver of such objections and will preclude appellate review.** *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008).