UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____    │
│ DATE FILED:___3/19/2025_____    │
└─────────────────────────────────┘
```

CALVIN REED,

                        Plaintiff,

                -against-

THE CITY OF NEW YORK, et al.,

                        Defendants.

20-CV-08352 (MMG)

**<u>ORDER OF DISMISSAL</u>**

MARGARET M. GARNETT, United States District Judge:

*Pro se* Plaintiff Calvin Reed brought this action on October 5, 2020. Dkt. No. 1. On April 2, 2024, the case was reassigned to the undersigned. Dkt. No. 111. Over the past year, Mr. Reed has failed to comply with Court orders, including continual and repeated failures to meet deadlines set by the Court and appear at conferences. The Court has also repeatedly warned Mr. Reed that failure to comply with the Court's orders would result in dismissal of this action for failure to prosecute. For the reasons set forth herein, this action is dismissed, *sua sponte*, without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

**BACKGROUND**

Mr. Reed filed his complaint on October 5, 2020. Dkt. No. 1. On September 3, 2021, Judge Cronan referred the case to Magistrate Judge Moses for general pre-trial supervision. Dkt. No. 19.

At various stages throughout the pendency of this case, Judge Moses has extended deadlines or adjourned conferences to accommodate Mr. Reed, who was previously incarcerated. *See, e.g.*, Dkt. No. 46 (adjourning the initial case management conference in light of Mr. Reed's reincarceration); Dkt. No. 100 (extending Mr. Reed's time to respond to Defendants' discovery requests). Judge Moses has also made effort after effort to keep Mr. Reed apprised of the filings and orders in this action. *See, e.g.*, Dkt. No. 54 (Initial Case Management Order addressing Mr. Reed's representation that he did not receive many of the Court's prior orders); Dkt. No. 112 (reminding Mr. Reed of a scheduled status conference on April 18, 2024).

For over a year, Mr. Reed has continually and repeatedly failed to meet deadlines set by the Court and appear at conferences set by the Court, both of which constitute failures to comply with Court orders. On January 16, 2024, Judge Moses held a status conference at which Mr. Reed failed to appear. *See* Dkt. No. 107 (nevertheless, extending Mr. Reed's time to answer Defendants' interrogatories). On March 11, 2024, when Mr. Reed failed to comply with the Court's January 16 Order, specifically by failing to answer Defendants' interrogatories, Judge Moses reminded Mr. Reed that it is his responsibility, as the plaintiff, to prosecute this action diligently and in good faith, and warned him that failing without excuse to meet his discovery deadlines or otherwise failing to comply with this Court's orders risks dismissal of this action.

*See* Dkt. No. 107.  Despite that warning and repeated warnings to the same, Mr. Reed failed to appear at a status conferences held before Judge Moses on March 14, April 18, and June 10, 2024.  *See* Dkt. Nos. 110, 114, 118.

Most recently, on February 11, 2025, Mr. Reed failed to appear at the post-fact discovery conference held before the undersigned.  The conference was scheduled over a month prior, on January 8, 2025, and the order scheduling the conference was mailed to Mr. Reed at his address of record.  *See* Dkt. No. 125.  In advance of the conference, the Court attempted to contact Mr. Reed by phone several times to ensure he was apprised; each call went straight to voicemail.

As discussed on the record at the February 11, 2025 conference, the last contact that counsel for Defendants had with Mr. Reed was via telephone in September 2024.  Neither the Court nor counsel have had contact with Mr. Reed since then, despite various efforts.

On February 11, 2025, the Court ordered that Mr. Reed show cause, in writing, no later than March 11, 2025, why this action should not be dismissed for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure.  *See* Dkt. No. 127.  In that Order, Mr. Reed was warned that if the Court did not receive a written submission from Mr. Reed by that date, the case would be dismissed without further notice to any party.  The February 11, 2025 Order was mailed to Mr. Reed's address of record.  To date, the Court has not received any submission from or otherwise had any contact with Mr. Reed.

## DISCUSSION

"Under [Rule 41(b)] and the inherent power of a court to dismiss for failure to prosecute, a district judge may, sua sponte, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of a judge's discretion."  *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966) (per curiam); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (the authority of a federal court to dismiss a plaintiff's action *sua sponte* for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts").

In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).  Here, all five factors weigh in favor of dismissal.

As discussed *supra*, this action has been pending for four and a half years, and Mr. Reed has failed to comply with Court orders for over a year.  While Mr. Reed has previously made a handful of belated efforts to offer explanations for his failure to comply, as of the date of this Order, no one has been in contact with Mr. Reed for months—Mr. Reed has not been in contact with the Court since June of last year, roughly nine months ago (*see* Dkt. No. 119), and roughly six months have passed since counsel for Defendants was in contact with Mr. Reed in September

of last year.  In addition, Mr. Reed has been repeatedly warned that his failure to comply with Court orders or otherwise participate in this action could result in dismissal.

While Mr. Reed has previously represented that he has not received certain filings, even when they are mailed to his address of record and have not been returned as undeliverable, *see* Dkt. No. 118, all parties, including *pro se* parties such as Mr. Reed, must keep the Court apprised of any new contact information and provide an address for service.  *See In re Cases Filed by Pro Se Plaintiffs, This Matter Relates To: Duty of Self-Represented Parties to Keep Address Information Current*, No. 24-MC-127 (LTS) (S.D.N.Y. Mar. 18, 2024).

The Court has a strong interest in managing its docket and cannot wait indefinitely for Mr. Reed to appear in this action, especially where there has been nothing to suggest that Mr. Reed is interested in pursuing his case.  Mr. Reed has been expressly and repeatedly reminded of his obligations.  Moreover, "'it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket' where [Mr. Reed has] 'made no effort to comply with the Court's orders or to prosecute this case."  *Ungaro*, 2024 WL 3678437, at *2 (internal marks omitted) (quoting *Antonio v. Beckford*, 05-cv-02225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006)).  Thus, the balance of interests weighs in favor of dismissal.

Finally, in light of Mr. Reed's failure to respond to any of the Court's recent orders, and the inability of the Court or of any party to proceed in this action unless and until Mr. Reed appears, the Court finds that no sanction other than dismissal is adequate. *See id.*

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that this case is dismissed without prejudice.  The Clerk of Court is respectfully directed to terminate all dates and deadlines, and CLOSE the case.

Dated: March 19, 2025
      New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

3